# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3873 | **DATE** | July 6, 2010 |
| **CASE TITLE** | Randolph Troy Harper, Sr (#2009-1110175) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's application to proceed *in forma pauperis* (Doc [3]) is denied without prejudice to Plaintiff submitting a completed application. Plaintiff's complaint is dismissed without prejudice. Within 30 days of the date of this order, Plaintiff must: (1) either submit a completed *in forma pauperis* application or prepay the $350 filing fee, and (2) submit an amended complaint that clearly states his claims. The clerk shall send another *in forma pauperis* application and an amended complaint form to Plaintiff. Failure to comply with this order will result in dismissal of the case without prejudice. Plaintiff's motion for the appointment of counsel (Doc [4]) is denied without prejudice.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

Plaintiff, Randolph Troy Harper, Sr (#2009-1110175), currently incarcerated at Cook County Jail, has filed this civil rights complaint under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"). Plaintiff names eleven Defendants (jail doctors, nurses, officers, Sheriff Tom Dart, and a law clerk), and alleges that he has received inadequate care for physical injuries. As best as can be determined, Plaintiff suffered injuries and/or arthritis to his hand, wrist, knee, shoulder, and hip.

Plaintiff's current application to proceed *in forma pauperis* is incomplete, as it does not include a copy of his jail trust fund account for a six-month period preceding his filing of this complaint. The issue of the filing fee must be resolved before this case can proceed forward.

The Prison Litigation Reform Act requires all inmates to pay the full filing fee. If an inmate is unable to prepay the $350 filing fee, he may submit an application to proceed *in forma pauperis*, which allows him to pay the filing fee in installments. The *in forma pauperis* application must be on this court's form. If the court grants the inmate's application, the court will direct correctional officials to deduct an initial partial payment of the filing fee directly from the inmate's trust fund account, and to make further monthly deductions from that account until the full filing fee is paid. To enable the court to determine if Plaintiff qualifies as a pauper and to make the necessary assessment of the initial partial filing fee, Plaintiff must, with his application, "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

If Plaintiff wants to proceed with this case, he must either pay the $350 filing fee or submit a completed *in forma pauperis* application, and include a copy of his inmate trust account statement for the six-month period immediately preceding the filing of the current complaint. Failure to comply with this order within 30 days of the date of this order will result in summary dismissal of the case without prejudice.

(**CONTINUED**)

isk

| STATEMENT (continued) |
|---|

    Additionally, Plaintiff's complaint cannot proceed as currently drafted. Although Plaintiff has provided lengthy descriptions of his inability to obtain medical attention and has submitted numerous documents with his complaint, it is impossible to determine from the complaint what claims are being alleged against which defendants. Under Fed. R. Civ. P. 8(a), a complaint need only provide "a short and plain statement of the claim." But, the complaint must give each defendant notice of the claim being alleged against him or her and the grounds on which the claim is based. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's complaint does not meet this requirement. His complaint is thus dismissed without prejudice. To pursue his claims, Plaintiff must submit an amended complaint that clearly states his reasons for suing each of the named defendants. Plaintiff is given 30 days to submit an amended complaint.

    Plaintiff is advised that an amended complaint replaces and supersedes prior complaints and must stand complete on its own. The court will only refer to the amended complaint to determine the claims and parties to this suit. Plaintiff should thus state all of the claims and name all of the defendants he seeks to include in this suit in the amended complaint. If he files an amended complaint, he should submit an original, a judge's copy, and a service copy for each defendant. Plaintiff is given 30 days from the date of this order to file an amended complaint. Not filing an amended complaint or a completed *in forma pauperis* application may be construed as Plaintiff's desire not to proceed with this case and will result in dismissal.

    Plaintiff's motion for the appointment of counsel is denied without prejudice. Plaintiff does not indicate that he sought to obtain counsel or that he was prevented from doing so. Furthermore, the case at the present time does not involve complex discovery or an evidentiary hearing, and Plaintiff's current pleadings indicate that he may proceed *pro se* with his case at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).

**Dated:**   July 6, 2010

                                          */s/ Charles P. Kocoras*
                                        **CHARLES P. KOCORAS**
                                        **U.S. District Court Judge**