UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RANDOLPH TROY HARPER, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SHERIFF THOMAS DART, in his official capacity; COOK COUNTY, ILLINOIS d/b/a CERMAK HEALTH SERVICES OF COOK COUNTY; MICHAEL PUISIS, in his official capacity; DR. AVERY HART, in his official capacity; DR. JAMES S. KAPOTAS; DR. Y. YU; DR. N. ALI; and other unidentified employees of COOK COUNTY JAIL. | ) 10 C 3873 |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on the motion of Defendants Cook County d/b/a Cermak Health Services of Cook County ("Cermak"), Dr. Avery Hart, Dr. Michael Puisis, Dr. James Kapotas, Dr. Yan Yu, and Dr. Nagib Ali (collectively, "Defendants") to dismiss Plaintiff Randolph Harper's ("Harper") Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, Defendants' motion is denied.

## RELEVANT FACTS

For purposes of the motion to dismiss, we accept the allegations of the Complaint as true. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Since November 10, 2009, Harper has been incarcerated as a pre-trial detainee in the Cook County Department of Corrections ("Cook County Jail"). Because of a physical handicap, Harper walks with a cane and has obtained permission to use his cane at Cook County Jail. On or about November 27, 2009, several officers, without explanation, confiscated Harper's cane. Three days later, on November 30, 2009, Harper slipped and fell, hitting his collarbone on a sink and fracturing his left wrist. Harper visited the in-house medical facility, the dispensary, to obtain medical attention for his injuries. Dr. Yu rubbed Harper's wrist and stated that nothing was wrong. Dr. Yu did not examine Harper's collarbone. Harper then visited Cermak, which provides medical services to inmates detained at Cook County Jail. At Cermak, Dr. Kapotas examined Harper and said nothing was wrong with Harper's wrist. Dr. Kapotas did not order any x-rays and did not examine Harper's collarbone.

On December 10, 2009, December 18, 2009, December 19, 2009, and December 24, 2009, Harped filed detainee grievances, complaining of pain in his wrist. On several occasions, Harper visited the dispensary and was seen by either Dr. Yu or

Dr. Ali who never performed an x-ray, but continuously maintained that nothing was wrong with Harper's wrist.

On or about February 25, 2010, 87 days after Harper's injury, Dr. Kapotas ordered an x-ray of Harper's wrist. A radiologist found that Harper's wrist was fractured. Even though Harper's wrist was fractured, Dr. Kapotas did not place a splint on Harper's wrist until approximately five days later. Dr. Kapotas recommended that Harper see an orthopaedic hand specialist.

On March 24, 2010, Harped filed a detainee grievance, complaining that he was being denied access to an orthopaedic hand specialist and that his collarbone was causing him pain and had not been x-rayed. On April 12, 2010, Harper's grievance was denied by Cook County. As of the date of Harper's Complaint, no doctor had examined or x-rayed Harper's collarbone.

On April 15, 2010, Harper returned to Cermak and Dr. Kapotas removed the splint, took x-rays of Harper's wrist, and stated that Harper's wrist was fully healed. The next day, Harper visited a hand specialist who determined, contrary to Dr. Kapotas's finding, that Harper's wrist was not healed and required surgery. The doctors put a cast on Harper's wrist and scheduled him for surgery on June 24, 2010. For reasons unknown to Harper, the staff at Cook County Jail did not bring Harper to his scheduled surgery. On September 2, 2010, Harper had surgery on his wrist.

In December 2010, Harper frequently complained of wrist pain. After three weeks of agonizing pain, on December 27, 2010, Harper went to the dispensary and then to Cermak because the rods in his wrist had punctured his skin. Harper again had surgery on his wrist and, as of the date of Harper's Complaint, Harper's wrist had not healed properly.

On March 3, 2011, Harper filed his Third Amended Complaint against Defendants Sheriff Dart, Cook County d/b/a Cermak, Dr. Puisis (Cermak's Chief Operating Officer), Dr. Hart (Cermak's Chief Medical Officer), Dr. Kapotas, Dr. Yu, Dr. Ali, and other unidentified employees of Cook County Jail, alleging claims for inadequate medical treatment under 42 U.S.C. § 1983. On March 30, 2011, Defendants Cook County, Cermak, Dr. Puisis, Dr. Hart, Dr. Kapotas, Dr. Ali, and Dr. Yu filed a motion to dismiss Harper's claims.

**LEGAL STANDARD**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but requires more than a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, the complaint must contain sufficient facts to state a claim for relief that is plausible on its face. *Id.* at 570. In ruling on a motion to dismiss,

a court must accept the well-pleaded allegations in the complaint as true, construe the allegations of the complaint in the light most favorable to the plaintiff, and draw all reasonable inferences in favor of the plaintiff. *Hentosh v. Herman M. Finch Univ. of Health Scis./The Chi. Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999).

## DISCUSSION

**I.   Count I Against Drs. Yu, Ali, and Kapotas**

Pre-trial detainees have a right to adequate medical care under the Fourteenth Amendment. *Mayan v. Weed*, 310 F.App'x 38, 40 (7th Cir. 2009). To succeed on a claim for inadequate medical care, a plaintiff must prove that he or she had a serious medical need and that the defendant was deliberately indifferent to that need. *Id.* at 41. To prove deliberate indifference, the plaintiff must show that the defendant was aware of facts from which he or she could infer a substantial risk of serious harm and that the defendant actually drew that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In other words, the plaintiff must demonstrate that the defendant acted or failed to act despite his or her knowledge of a substantial risk of serious harm. *Id.* at 842. Significantly, negligence, gross negligence, or even medical malpractice do not constitute deliberate indifference. *Mayan*, 310 F.App'x at 41. Moreover, the plaintiff's mere dissatisfaction or disagreement with a course of treatment is insufficient. *Id.*

Defendants acknowledge that Harper has plead facts sufficiently demonstrating a serious medical need, but argue that Harper's claim fails because Harper has not alleged facts sufficient to evidence Drs. Yu's, Ali's, and Kapotas's deliberate indifference.

At the pleading stage, a plaintiff need only generally allege that a defendant had knowledge of a substantial risk of serious harm. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) (noting that, without discovery, the plaintiff could not plead knowledge with specificity). "A prisoner's statement that he repeatedly alerted medical personnel to a serious medical condition, that they did nothing in response, and that permanent injury ensued, is enough to state a claim on which relief may be granted." *Id.* The medical personnel's failure to act may be simple negligence or may amount to deliberate indifference. *Id.* Here, Harper generally alleges that Dr. Yu and Dr. Ali were aware of his serious medical condition and pain, but exhibited deliberate indifference by failing to examine his collarbone and by repeatedly failing to order an x-ray of his wrist or collarbone. Similarly, Harper generally alleges that Dr. Kapotas was aware of his serious medical condition and pain, yet exhibited deliberate indifference by failing to examine his collarbone and by repeatedly failing to order an x-ray of his collarbone. Whether their failure to act constitutes deliberate indifference depends on the extent of their knowledge of the risk of harm, which Harper need not specifically plead.

Moreover, the fact that Harper received some treatment does not preclude his claim because a finder of fact could infer that the care provided was so inadequate as to constitute intentional mistreatment. *Jervis v. Mitcheff*, 258 F.App'x 3, 6 (7th Cir. 2007). Harper alleges that 87 days passed between the time of his injury when he first saw either Dr. Yu or Dr. Ali and the time Dr. Kapotas ordered an x-ray of Harper's wrist. During that 87-day period, Harper filed numerous grievances and visited Dr. Yu and/or Dr. Ali on numerous occasions and neither doctor ordered an x-ray of Harper's wrist or collarbone or examined Harper's collarbone. Despite Harper's continual complaints of pain, Dr. Yu and Dr. Ali insisted Harper was fine. Based on these allegations, a finder of fact could infer that Dr. Yu and Dr. Ali "blinded" themselves to Harper's injuries by refusing to adequately investigate and diagnose his injuries and insisting that nothing was wrong with Harper. *See, e.g., Jervis*, 258 F.App'x at 6-7 (vacating dismissal because a finder of fact could conclude that the doctor blinded himself to the plaintiff's injuries by refusing to adequately investigate and diagnose the source of his pain and insisting nothing was wrong with plaintiff). For the same reason, a finder of fact could conclude that Dr. Kapotas acted with deliberate indifference toward Harper by failing to examine or x-ray his collarbone as of the date Harper filed his Complaint, which is more than a year after Harper sustained his injuries.

Accordingly, Harper alleges a plausible claim for relief against Dr. Yu, Dr. Ali, and Dr. Kapotas.

Defendants argue this case is similar to *Gutierrez v. Peters*, 111 F.3d 1364 (7th Cir. 1997). In *Gutierrez*, the plaintiff received treatment over a ten-month period and complained of an instance or two where he did not receive prompt treatment. *Id.* at 1374. The *Gutierrez* court found that the occasional delays were isolated instances of neglect which could not support a finding of deliberate indifference. *Id.* at 1375. Unlike in *Gutierrez*, here, Harper complains of the absolute lack of treatment of his collarbone and Dr. Yu's and Dr. Ali's failure to order an x-ray of Harper's wrist over the 87-day period after Harper sustained his injuries, despite Harper's constant complaints of pain. Thus, *Gutierrez* does not bear on this Court's decision.

## II. Count II Against Cermak, Dr. Puisis, and Dr. Hart

A plaintiff may sue a municipality or government employee, in his or her official capacity, under Section 1983 for a constitutional deprivation caused by the execution of an official policy or custom. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). A plaintiff must show that the deprivation was caused by the enforcement of an express policy, by a widespread practice that is so permanent and well-settled that it constitutes a custom or practice, or by a person with final policy-making authority. *Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 514-15 (7th Cir. 2007).

Defendants argue that this Court should dismiss Count II against Cermak, Dr. Puisis, and Dr. Hart (the "Cermak Defendants"), because Harper fails to state a Section 1983 claim against the municipality or government employees in their official capacities. The Cermak Defendants argue that Harper's boilerplate allegations of a policy or practice are insufficient to state a claim under Section 1983. Harper, however, alleges a laundry list of specific policies or practices, which caused the Cermak Defendants' deliberate indifference to Harper's medical needs.[1] For example, Harper alleges that the Defendants have an express policy or widespread practice of failing to provide timely treatment and discouraging or failing to employ adequate testing in response to medical complaints. Accordingly, Harper's allegations are sufficient to state a plausible claim for relief.[2]

The Cermak Defendants alternatively ask this Court to bifurcate Count II and defer discovery until after the completion of fact discovery in Count I. This Court denies the request, since the Cermak Defendants fail to address how bifurcation proves

---

[1] The Cermak Defendants also argue that Count II improperly alleges policies and practices only applicable to Defendant Sheriff Dart. The fact that every single allegation in Count II may not apply to the Cermak Defendants is irrelevant because Count II states a plausible claim for relief against the Cermak Defendants.

[2] While this Court cannot dismiss Count II, because Harpers states a plausible claim for relief, the Court acknowledges that Harper cannot recover punitive damages against the Defendants named in Count II. *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010) (explaining that a plaintiff cannot recover punitive damages from a municipality or a government employee in his official capacity).

convenient to the parties, avoids prejudice to the parties, expedites the case, and economizes judicial resources.

## CONCLUSION

For the foregoing reasons, this Court denies Defendants' motion to dismiss.

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated:   May 3, 2011